## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| GRIFFIN TRADING COMPANY, | ) | Case No. 98 B 41742 |
| | ) | |
| Debtor. | ) | Hon. Bruce W. Black |

## <u>NOTICE OF MOTION</u>

TO:    SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on **Wednesday, August 12, 2015, at 10:00 a.m.** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Bruce W. Black in Courtroom 719 in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in his place and stead, and present the attached **Jenner & Block's Fourth and Final Application for Interim Compensation and Reimbursement of Expenses**, at which time and place you may appear if you so desire.

Respectfully submitted,

LEROY G. INSKEEP, as Trustee for GRIFFIN TRADING COMPANY, INC.

By:_____*/s/ Catherine Steege*_____
                         One of his Attorneys

Catherine Steege (ARDC No. 6183529)
Melissa Root (ARDC 6288246)
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
Tel:  (312) 222-9350
Fax:  (312) 527-0484

## CERTIFICATE OF SERVICE

I, Catherine Steege, certify that I caused a copy of the foregoing **Jenner & Block's**

**Fourth and Final Application for Interim Compensation and Reimbursement of Expenses**

to be served upon the parties listed on the attached Service List by depositing same in the U.S.

Mail receptacle located at 353 N. Clark Street, Chicago, Illinois, before the hour of 4:00 p.m. on

July 17, 2015.



Catherine Steege

SERVICE LIST

U.S. Trustee's Office, Region 11
Patrick S. Layng
219 S. Dearborn Street
Room 873
Chicago, IL  60604
Phone: 312-886-5785
Fax:  312-886-5794

Leroy G. Inskeep
Piper Marbury Rudnick & Wolfe
Suite 1800
203 North LaSalle Street
Chicago, IL  60601

Anne Polaski
Chicago Board of Trade
Suite 2130A
141 West Jackson Boulevard
Chicago, IL  60604

Harris Bank
c/o Dianne E. Rist
Chapman & Cutler
18th Floor
111 West Monroe Street
Chicago, IL  60603-4080
Phone: 312-845-3000
Fax:  312-701-2361
rist@chapman.com

R. Scott Alsterda
Ungaretti & Harris
Three First National Plaza
Suite 3500
70 West Madison
Chicago, IL  60602
Phone: 312-977-4400
Fax:  312-977-4405
rsalsterda@uhlaw.com

Bryan Krakauer
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
Phone: 312-853-7515
Fax:  312-853-7036
bkrakauer@sidley.com

Thomas S. Kiriakos
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60606
Phone: 312-782-0600
Fax:  312-701-7711
tkiriakos@mayerbrown.com

Stephen M. Szarmack
CME Group, Inc.
20 S. Wacker Drive
Chicago, IL  60606
Phone: 312-930-1000
Fax:  312-466-4410

Commodity Futures Trading Comm.
Attn:  Scott R. Williamson
Suite 1100
525 West Monroe Street
Chicago, IL  60661
Phone: 312-596-0700
Fax:  312-596-0716

Timothy J. Carey Esq.
Lovells
Suite 1900
330 North Wabash Avenue
Chicago, IL  60611

Glynn L. Mays
Senior Assistant General Counsel
U.S. Commodity Futures Trading
   Commission
Three Lafayette Centre
1155 21st Street, NW
Washington, DC  20581

Felice Berkman Brewer
Hogan Lovells US LLP
875 Third Avenue
New York, NY  10022
Phone: 212-918-3000
Fax:  212-918-3100

London Clearing House
c/o Michael L. Molinaro
Katten Muchin Rosenman LLP
Suite 1600
525 West Monroe Street
Chicago, IL  60661-3693
Phone: 312-902-5200
Fax:  312-902-1061

Gregory N. Kazarian
Pedersen& Houpt
Suite 3100
161 North Clark Street
Chicago, IL  60601-3224
Phone: 312-641-6888
Fax:  312-641-6895

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| GRIFFIN TRADING COMPANY, | ) | Case No. 98 B 41742 |
| | ) | |
| Debtor. | ) | Hon. Bruce W. Black |

**COVER SHEET FOR APPLICATION FOR**
**PROFESSIONAL COMPENSATION**

Name of Applicant:   Jenner & Block

Authorized to Provide
Professional Services to: Trustee

Date of Order Authorizing Employment:   August 22, 2001 effective as of November 1, 2000

Period for Which
Compensation is sought: September 1, 2012 through June 30, 2014

Amount of fees sought:  $68,969.00

Amount of Expense
Reimbursement sought:  $5,713.30

This is an:          Interim Application  ___          Final Application  _X_

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| July 20, 2004 | 11/1/00 – 6/30/04 | $83,453.78 | $ 83,453.78 |
| February 4, 2005 | 7/1/04-1/31/05 | $104,304.06 | $ 104,304.06 |
| September 26, 2012 | 2/1/05-9/1/12 | $1,214,258.82 | $1,204,275.91 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is:  $1,392,033.75

Dated:  July 17, 2015

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| GRIFFIN TRADING COMPANY, | ) | Case No. 98 B 41742 |
| | ) | |
| Debtor. | ) | Hon. Bruce W. Black |

### JENNER & BLOCK'S FOURTH AND FINAL APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

Leroy G. Inskeep, chapter 7 trustee for Griffin Trading Company, pursuant to U.S.C. § 330, respectfully requests that the Court award final compensation and reimbursement of expenses to his special counsel, Jenner & Block.

### INTRODUCTION

On December 30, 1998, Griffin Trading Company (the "Debtor") filed a petition for relief under chapter 7 of title 11 of the United States Bankruptcy Code and thereafter the Trustee was appointed. On August 22, 2001, the Court entered an Order authorizing the Trustee to retain Jenner & Block effective as of November 1, 2000 as his special counsel for purposes of prosecuting certain claims against the Debtor's shareholders. This Application sets forth in detail the work performed by counsel and the time spent between September, 2012 (the date of the last fee application) through the date of the Application. In addition, it requests final approval of amounts the Court has previously awarded on an interim basis. (*See* Dkt Nos. 621, 624 and 664.)

To aid the Court in its review of the Application, Jenner & Block has divided the Application into three parts. Part I describes the work performed by the Trustee's special counsel, the actions which they took and the results which they obtained. Part II describes counsel's qualifications and areas of special expertise. Part III describes the manner in which the fees and costs were calculated.

## I.    SERVICES PERFORMED

### A.    Griffin Litigation

Amount Requested Current Interim Period:  $58,831.00
Previously Allowed:  $1,336,129.40
TOTAL REQUESTED:    $1,394,960.40

Jenner & Block was hired to bring claims against the Debtor's former shareholders, Roger Griffin and Farrel Griffin and their wives.  On January 2, 2000, Jenner & Block filed a multi-count complaint against the Griffins seeking to subordinate and disallow proofs of claim which they had filed in the amount of $2,222,870.60, seeking to recover approximately $275,000 in fraudulent transfers, asserting breach of fiduciary duty claims and asking for turnover of certain property.  Jenner & Block prepared and filed a motion for judgment on the pleadings with respect to the proofs of claim and all of the claims were disallowed.

Jenner & Block prepared written discovery requests and took the depositions of Roger and Farrel Griffin.  Jenner & Block also reviewed the Debtor's records.  Jenner & Block  assisted with the presentation of expert testimony with regard to the Debtor's insolvency.  Jenner & Block defended a motion for summary judgment brought by the Defendants and prosecuted the Trustee's motion for summary judgment.

In July, 2004, the Court entered judgment on the fraudulent conveyance claims in favor of the estate on summary judgment and entered partial summary judgment in favor of the estate on the breach of fiduciary duty claims.  On September 27, 2004, the Court tried the balance of the issues on the breach of fiduciary duty claims.  On January 26, 2005, the Court entered judgment against both Defendants.  Jenner & Block prepared the case for trial and tried it. Jenner & Block prepared the final pretrial order and post-trial briefs.  Jenner & Block also successfully moved to strike Defendants' tardy summary judgment motion.

2

Following entry of the January 26, 2005 judgment, Jenner & Block prepared a bill of costs and defended against a motion seeking reconsideration of the Court's ruling. Jenner & Block negotiated and drafted the terms of a stipulation that provided for the posting of a letter of credit to stay collection of the judgment pending defendants' appeal to the District Court. Jenner & Block prepared and filed designations to the record and responded to defendants' appeal brief. Jenner & Block attended the district court's hearings about the appeal and reviewed the numerous supplemental filings defendants made in that appeal. On January 23, 2008, the District Court vacated this Court's original judgment and remanded for clarification on the causation issue.

On remand, Jenner & Block filed a motion asking the court to clarify the judgment, by among other things, crediting the defendants' testimony that they could have stopped the wire transfer. Defendants objected and the CFTC intervened to raise a new damages issue. Ultimately, after several rounds of briefing on these issues, the Court entered a Trial Order, directing a trial on remand. Jenner & Block also responded to a summary judgment motion filed by defendants and objected to discovery that they served. Jenner & Block participated in a mediation of the case. Jenner & Block also prepared a new pre-trial order, amended its witness and exhibit lists, presented additional evidence at the July 13, 2009 remand hearing, and filed pre- and post-trial proposed findings of fact. On October 30, 2009, the Court ruled for defendants and on February 11, 2010, denied the Trustee's motion for reconsideration.

Following trial, Jenner & Block successfully defeated Defendants attempts to impose the costs of their letter of credit securing the original judgment on the estate. Jenner & Block perfected and appealed the Court's adverse ruling on remand. On October 19, 2010, the District Court denied that appeal.

The Trustee appealed to the Seventh Circuit. Jenner & Block represented the Trustee in mediation that the Seventh Circuit ordered. It prepared and filed the Trustee's opening and reply

briefs and argued the appeal at oral argument.  It also responded to two Rule 28(j) letters filed by defendants.  On June 25, 2012, the Seventh Circuit ruled for the Trustee, directing that the Court enter judgment consistent with its original January 26, 2005 ruling.

Following that ruling, Jenner & Block filed and argued motions in the District Court and this Court for entry of a judgment.  On August 29, 2012, this Court entered judgment in the amount of $6,849,300.24 against defendants, jointly and severally.  Jenner & Block also responded to defendants' post-remand motion to dismiss.  Jenner & Block also responded to defendants' motion to recall the mandate, which the Seventh Circuit denied one day after the Trustee filed his response.

Jenner & Block negotiated a settlement of the judgment with defendant Roger Griffin and prepared and presented a motion to approve that settlement.  As a result, the Trustee has collected in total $6,149,164.53 from Roger Griffin.

Jenner & Block began collection actions against Farrel Griffin, including filing citations against several banks where Farrel Griffin was known to have bank previously.  In response, Farrel Griffin filed a chapter 7 petition.  Jenner & Block prepared a proof of claim for filing in Farrel Griffin's case.  It also prepared a complaint objecting to the dischargeability of the judgment against Farrel Griffin and negotiated a settlement of that complaint.

Jenner & Block also responded to creditor inquiries regarding the case status.

As a result of Jenner & Block's work, the Trustee has paid or will pay all creditors the full principle balance of their claims.

Jenner & Block spent a total of 84.50 hours at a cost of $58,831.00 since the filing of its last fee application.  Previously, the Court has allowed Jenner & Block interim fees of $1,336,129.40.

4

**B.      Fee Petition Preparation**

Amount Requested Current Interim Period:  $10,138.00
Previously Allowed:   $6,355.00
TOTAL REQUESTED:  $16,493.00

Jenner & Block spent a total of 12.10 hours preparing its third interim and final fee applications.  In addition, Jenner & Block attended the hearing on fees.  Total cost for fee petition preparation and hearing attendance during the period since the last interim fee application is $10,138.00.  Previously the Court allowed Jenner & Block interim fees of $6,355.00 for time spent preparing its own fee application and that of the Trustee's expert. Jenner & Block also requests that the Court approve these prior interim allowances on a final basis.

## II.      ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

**A.      Catherine Steege** (CS) is a partner in Jenner & Block's bankruptcy department and co-chair of its bankruptcy litigation practice.  She is a 1982 graduate of the DePaul University College of Law.  She is a member of the Panel of Private Trustees of the Northern District of Illinois and is a fellow of the American College of Bankruptcy.  She teaches bankruptcy at John Marshall Law School and has been an instructor for the National Institute of Trial Advocacy's bankruptcy litigation program.  Ms. Steege first-chaired both trials and argued the Trustee's case in the Seventh Circuit.  She has participated in and overseen all aspects of Jenner & Block's representation of the Trustee in this case.

**B.      Barry Levenstam** (BL) is a partner in Jenner & Block appellate and Supreme Court practice group.  He is a 1978 graduate of the University of Illinois law school and a former law clerk to the Honorable Phillip Tone of the United States Court of Appeals for the Seventh Circuit.  In 1995, the Federal Bar Association recognized Mr. Levenstam with the Walter J. Cummings Award "for excellence in advocacy on the part of appointed counsel" before the

5

Seventh Circuit.  In 2010, the Seventh Circuit Bar Association honored him with its First Annual Justice John Paul Stevens Pro Bono Award in recognition of "outstanding pro bono service in the Seventh Circuit."  Mr. Levenstam assisted with the preparation of the briefs filed in the second district court appeal and the Seventh Circuit and assisted with the post-remand briefing.

**C.**    **Melissa M. Hinds (Root)** (MMH or MMR) is a partner in Jenner & Block's bankruptcy department.  She is a 2003 graduate of University of Michigan Law School. Following the District Court's first ruling, Ms. Hinds replaced Peter Siddiqui as the second chair on the case.  She participated in all aspects of the case.

**D.**    **David H. Hixson** (DHH) was an associate in Jenner & Block's bankruptcy department.  He is a 2006 graduate of the University of Michigan Law School and a former law clerk to the Honorable Eugene R. Wedoff.  He assisted with drafting and researching the appeal briefs filed in the second District Court appeal and the Seventh Circuit.  In addition, he assisted with responding to the motion to recall the mandate and the motion to dismiss the complaint filed post-remand.  He also worked on the Trustee's efforts to collect the judgment from Farrel Griffin.

**E.**    **Landon S. Raiford** (LSR) is an associate in Jenner & Block's bankruptcy department.  He prepared the Section 523 complaint against Farrel Griffin.

**F.**    **Michael H. Matlock** (MHM) and **Lowell Yap** (LTY) are paralegals in Jenner & Block's bankruptcy department, **Mary Frances Patston** (MFP) is a paralegal in Jenner & Block's appellate practice department, and **Neal H. Berger** (NHB) is a paralegal in the real estate department.

## III.    CALCULATION OF TIME AND FEES

This is Jenner & Block's Fourth and Final Application for compensation.  Jenner's prior fee applications covered the period from February 1, 2005 through September, 2012.  This

application seeks approval for fees incurred from September, 2012 through the present. It also seeks final approval of amounts awarded on an interim basis.

All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to this case and were rendered for the benefit of the Committee and the estate. No agreement or understanding exists between Jenner & Block and any other person for the sharing of compensation received or to be received in connection with this case, other than as authorized pursuant to 11 U.S.C. § § 327, 328, 330 and 331.

As set forth in the attached exhibits, during the current fee period, Jenner & Block's attorneys and paralegals have spent a total of 96.60 hours providing necessary legal services for this estate. As a result, they request compensation for the period from September, 2012 through the present in the amount of $68,969.00 for actual, necessary legal services performed (see Exhibit A). The average hourly rate is $713.96. In addition, Jenner & Block has expended the sum of $5,713.30 for actual, necessary expenses incurred in representing the Trustee (see Exhibit B).

In preparing this fee application, Jenner & Block has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for this estate. The data used came directly from computer printouts which are kept on each Jenner & Block client. The hourly rates charged are the hourly rates charged by Jenner & Block for comparable services to comparable clients. Jenner & Block worked to avoid any duplication of efforts between parties, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys involvement. Multiple representation in analogous circumstances has been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Manufacturing Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

7

Jenner & Block also incurred out-of-pocket expenses which are listed in the attached Exhibit B. Most of the expenses are postage and photocopy expenses incurred in connection with the preparation and filing of pleadings with this Court and providing information to creditors and the Trustee.  Attached as Exhibit C are summaries of the total hours spent by each attorney and paralegal and the value of those services.

Jenner & Block does not bill its clients or seek compensation in this fee application for its overhead expenses; instead, such expenses are factored into Jenner & Block's normal and customary rate.  During the time period of this fee application, Jenner & Block charged its clients between six cents and ten cents per page for duplicating.  Jenner & Block's non-bankruptcy clients routinely are billed and pay the types of out-of-pocket expenses included on Exhibit B. *See In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

No compensation has been promised to Jenner & Block other than that approved by this Court.  Jenner & Block certifies that there is no agreement between it and any other party regarding the sharing of fees except with Jenner & Block's general partners and Jenner & Block has  not discussed or negotiated the amount of its fees with any party except its client.  Finally, Jenner & Block is acting as special counsel to the Trustee for purposes of the Griffin litigation only.  It continues to represent that it does not represent interests adverse to the estate with respect to this special counsel engagement.

## NOTICE

Jenner has served this Application on all counsel of record.  The Trustee reviewed the Application before filing and approved its filing.  Jenner requests that the Court find such notice is sufficient because: (a) all non-subordinated creditors have been paid in full; and (b) the two subordinated creditors (whose counsel has received notice) will also be paid in full.  The Trustee will have a surplus and plans to seek leave to donate that surplus to the Chicago Bar Foundation for use for the Bankruptcy Court help desk.  Under such circumstances, Jenner submits that

8

further notice is not necessary and requests that Court finds that the notice given was adequate under the circumstances.

WHEREFORE, Jenner & Block respectfully requests that this Court enter an Order:

A.      Allowing Jenner & Block compensation for actual, necessary legal services provided between September, 2012 and the present in the amount of $68,969.00;

B.      Allowing Jenner & Block reimbursement for its actual, necessary out-of-pocket expenses incurred between September, 2012 and the present in the amount of $5,713.30;

C.      Approving on a final basis the Court's prior interim fee orders (Dkt Nos. 621, 624 and 664);

D.      Authorizing the Trustee to pay Jenner & Block total final compensation and reimbursement of expenses in the amount of $1,466,716.05 less amounts previously paid of $1,392,033.75 for a total of $74,682.30; and

E.      Granting such other relief as the Court deems just and equitable.


                                         Respectfully submitted,

Dated: July 17, 2015                     LEROY G. INSKEEP, as Trustee for GRIFFIN
                                         TRADING COMPANY, INC.

                                         By:_____/s/ Catherine Steege_____
                                                    One of his Attorneys

Catherine Steege (ARDC No. 6183529)
Melissa Root (ARDC 6288246)
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
Tel:  (312) 222-9350
Fax:  (312) 527-0484

9

**IN RE GRIFFIN TRADING COMPANY**

**EXHIBIT A**

Griffin Trading Litigation

| | | | | |
|---|---|---|---|---|
| 9/10/2012 | BL | 3.50 | Received and reviewed motion in 7th Circuit to recall the mandate (2.5); conferred with C. Steege re same; prepared memorandum re possible response strategies (1.0). | 2,975.00 |
| 9/11/2012 | BL | 4.50 | Received and reviewed draft settlement agreement (.5); studied K. Poor motion to withdraw mandate; began work on possible response to same (4.0). | 3,825.00 |
| 9/12/2012 | BL | 4.50 | Conferred with team re filing of notice of appeal from bankruptcy court to U.S. district court and conferred re details of same (.3); conferred with C. Steege re possible settlement with R. Griffin (.2); studied settlement agreement draft and worked on edits for same (.5); worked on drafting trustee's response to defendants' motion to recall mandate (3.5). | 3,825.00 |
| 9/13/2012 | BL | 3.00 | Worked on drafting response to motion to recall mandate. | 2,550.00 |
| 9/15/2012 | BL | 0.30 | Emailed C. Steege re status of work on response to motion to recall mandate. | 255.00 |
| 9/17/2012 | BL | 0.20 | Emailed C. Steege re status of work on response to motion to recall mandate. | 170.00 |
| 9/18/2012 | NHB | 0.50 | Followed up with title company and conducted online searches re property information for F. Griffin Moore County, NC properties. | 147.50 |
| 9/19/2012 | NHB | 0.30 | Followed up with title company, M. Matlock and D. Hixson re North Carolina real estate. | 88.50 |
| 9/20/2012 | BL | 2.20 | Worked on editing draft of response to motion to recall mandate. | 1,870.00 |
| 9/21/2012 | BL | 3.30 | Reviewed and revised draft re motion to recall mandate. | 2,805.00 |

| | | | | |
|---|---|---|---|---|
| 9/22/2012 | BL | 3.00 | Worked on revising draft and preparing it for filing (2.5); emailed C. Steege, M. Hinds and D. Hixson re outstanding strategic issues (.5). | 2,550.00 |
| 9/23/2012 | BL | 0.50 | Reviewed email from C. Steege re revised response to defendant's motion to recall mandate (.2); reviewed and responded to same (.3). | 425.00 |
| 9/24/2012 | BL | 1.50 | Worked on response and conferred with team re preparations for finalizing and filing response re mandate motion. | 1,275.00 |
| 9/24/2012 | MFP | 2.50 | Cite-checked response to mandate motion (1.8); drafted index for exhibits (.5); drafted certificate of service (.2). | 712.50 |
| 9/25/2012 | MMR | 0.30 | Reviewed 7th Circuit order denying mandate motion (.1) and C. Steege email to K. Poor re appeal (.2). | 172.50 |
| 9/25/2012 | CS | 0.20 | Emailed client re ruling on mandate motion. | 170.00 |
| 9/25/2012 | CS | 0.50 | Telephone conference with S. Towbin re status of appeal and resolution of case vs. F. Griffin. | 425.00 |
| 9/25/2012 | BL | 1.20 | Finalized and filed corrected response to motion to withdraw mandate. | 1,020.00 |
| 9/25/2012 | MHM | 0.30 | Reviewed and organized answers to citations to discover assets served on F. Griffin banks. | 88.50 |
| 9/25/2012 | DHH | 0.30 | Telephone conferences with banks re citations and prepared email summarizing status of same. | 165.00 |
| 9/26/2012 | CS | 0.50 | Prepared analysis for L. Inskeep re distribution based on settlement. | 425.00 |
| 9/26/2012 | CS | 0.30 | Telephone conference with client re status. | 255.00 |
| 9/26/2012 | CS | 0.20 | Responded to K. Poor email re stay of appeal. | 170.00 |
| 9/26/2012 | BL | 0.70 | Conferred with C. Steege re her correspondence with S. Towbin and with K. Poor re possible settlement with Farrel and re view of status of appeal before district court. | 595.00 |

| Date | Initials | Hours | Description | Amount |
|---|---|---|---|---|
| 9/27/2012 | CS | 0.10 | Reviewed motion re stay and responded to K. Poor email with comments to motion. | 85.00 |
| 9/27/2012 | MHM | 0.40 | Drafted notice of continued hearing on certain citations to discover assets. | 118.00 |
| 9/27/2012 | DHH | 0.20 | Revised notice of continued hearings for citations. | 110.00 |
| 10/1/2012 | DHH | 0.20 | Exchanged emails with M. Matlock re citations/service of same. | 110.00 |
| 10/2/2012 | MHM | 0.70 | Worked on reviewing and filing answers to citations. | 206.50 |
| 10/3/2012 | MHM | 0.70 | Reviewed docket for verification of citation answers filed (.3); worked on preparing citations for e-filing (.2); worked on e-filing answers (.2). | 206.50 |
| 10/3/2012 | CS | 0.20 | Telephone conference with S. Towbin (.1); reviewed confidentiality agreement re F. Griffin financial information (.1). | 170.00 |
| 10/3/2012 | DHH | 0.50 | Exchanged emails with M. Matlock re citations (.2); telephone conference with S. Towbin re Farrel's chapter 7 petition (.2); telephone conference with Judge Black's clerk re citations, hearings and impact of chapter 7 filing (.1). | 275.00 |
| 10/4/2012 | MHM | 0.30 | Worked on reviewing and e-filing MB Financial answer to citation per court direction and e-filing Chase Bank answer. | 88.50 |
| 10/4/2012 | DHH | 0.30 | Reviewed citation responses and prepared for filing. | 165.00 |
| 10/12/2012 | CS | 0.20 | Reviewed trustee's distribution motion. | 170.00 |
| 10/12/2012 | CS | 0.10 | Emailed L. Inskeep re F. Griffin motion to extend time to file schedules. | 85.00 |
| 10/30/2012 | CS | 0.50 | Exchanged email with R. Fogel re F. Griffin house and schedules. | 425.00 |
| 11/27/2012 | CS | 0.20 | Sent email to D. Harvalis re trustee election at 11/28/12 meeting in F. Griffin case. | 170.00 |

| 11/28/2012 | LTY | 0.60 | Worked on calculating post-judgment interest (.3); assisted in completing proof of claim to the filed in the Farrel Griffin bankruptcy case (.1); readied same for ECF filing (.1); e-filed same (.1). | 177.00 |
|------------|-----|------|---|-------|
| 11/28/2012 | MMR | 0.80 | Prepared proof of claim (.2) and attended section 341 meeting to elect L. Inskeep as F. Griffin trustee (.6). | 460.00 |
| 11/28/2012 | CS | 0.10 | Telephone conference with R. Fogel re election of trustee in F. Griffin case. | 85.00 |
| 11/28/2012 | CS | 0.10 | Reviewed and filed proof of claim in F. Griffin case. | 85.00 |
| 1/9/2013 | MHM | 1.00 | Drafted, proofread and revised orders to extend time to object to discharge and dischargeability. | 310.00 |
| 1/10/2013 | MHM | 1.60 | Prepared all creditor matrix for service of motions to extend time to object to discharge. | 494.00 |
| 1/17/2013 | CS | 0.30 | Office conference with L. Raiford re research issues re section 523 complaint. | 265.50 |
| 1/31/2013 | LSR | 2.00 | Researched standard for defalcation in 7th Circuit. | 1,090.00 |
| 2/1/2013 | LSR | 3.20 | Continued research on defalcation standard in 7th Circuit (1.6); drafted summary re same (1.6). | 1,744.00 |
| 2/5/2013 | LSR | 1.70 | Drafted complaint objecting to dischargeability of debt to Griffin Trading. | 926.50 |
| 2/6/2013 | LSR | 2.50 | Drafted complaint objecting to dischargeability of debt to Griffin Trading. | 1,362.50 |
| 2/8/2013 | LSR | 2.00 | Edited complaint objecting to dischargeability of debt to Griffin Trading. | 1,090.00 |
| 2/11/2013 | LSR | 1.10 | Edited complaint objecting to dischargeability of debt to Griffin Trading. | 599.50 |
| 2/15/2013 | CS | 0.30 | Worked on complaint re Section 523. | 265.50 |
| 2/18/2013 | CS | 3.50 | Prepared section 523 complaint. | 3,097.50 |
| 2/19/2013 | CS | 0.20 | Revised section 523 complaint. | 177.00 |
| 2/20/2013 | CS | 0.50 | Telephone conference with S. Towbin re settlement of section 523 issues. | 442.50 |

| Date | | | | |
|---|---|---|---|---|
| 2/21/2013 | LSR | 0.70 | Drafted proof of claim and accompanying exhibits against F. Griffin. | 381.50 |
| 2/22/2013 | CS | 0.40 | Telephone conference with S. Towbin re settlement (.2); sent email to L. Inskeep re same (.3). | 354.00 |
| 2/23/2013 | CS | 0.50 | Prepared second email re settlement and analyzed distribution issues. | 442.50 |
| 2/24/2013 | CS | 0.20 | Exchanged email with L. Inskeep re settlement. | 177.00 |
| 2/25/2013 | CS | 0.50 | Two telephone conferences with S. Towbin re settlement of § 523 action. | 442.50 |
| 3/4/2013 | CS | 0.30 | Telephone conference with S. Towbin re section 523 settlement. | 265.50 |
| 3/5/2013 | CS | 0.30 | Telephone conference with R. Griffin's counsel re settlement. | 265.50 |
| 3/28/2013 | MHM | 1.30 | E-filed and served routine motions for extension of time to object to discharge. | 403.00 |
| 3/29/2013 | CS | 0.50 | Telephone conference with M. Fisher re settlement with F. Griffin. | 442.50 |
| 4/12/2013 | CS | 2.00 | Prepared calculations for M. Fisher re impact of F. Griffin settlement on R. Griffin settlement. | 1,770.00 |
| 4/15/2013 | CS | 0.10 | Responded to creditor inquiry re status of litigation. | 88.50 |
| 4/24/2013 | CS | 0.50 | Telephone conference with M. Fisher re § 523/§ 727 issue. | 442.502,975.00 |
| 4/25/2013 | CS | 0.20 | Exchanged email with S. Towbin re extension of section 523 date. | 177.00 |
| 4/25/2013 | LSR | 1.10 | Drafted motion to extend time to object to F. Griffin's discharge (.3); added additional count to section 527 complaint (.8). | 599.50 |
| 4/26/2013 | MHM | 0.60 | Worked on e-filing and service of motions to extend time to object to discharge. | 186.00 |
| 5/3/2013 | CS | 0.30 | Prepared demand email to R. Griffin re second payment. | 165.50 |
| 5/7/2013 | CS | 0.50 | Telephone conference with M. Fisher re settlement amounts owed. | 442.50 |

| 5/8/2013 | CS | 0.50 | Telephone conference with M. Fisher re settlement amounts owed. | 442.50 |
| 5/9/2013 | CS | 0.30 | Telephone conference with S. Towbin re settlement of section 523 claim. | 265.50 |
| 5/13/2013 | LSR | 0.40 | Reviewed new Supreme Court case re standard for defalcation under section 523(a)(4). | 218.00 |
| 5/15/2013 | CS | 0.20 | Telephone conference with S. Towbin re settlement (.1); emailed R. Griffin's counsel re same (.1). | 177.00 |
| 5/17/2013 | CS | 0.50 | Revised F. Griffin settlement agreement. | 442.50 |
| 5/17/2013 | LSR | 1.20 | Drafted settlement agreement re section 523(a)(4) claim. | 654.00 |
| 5/21/2013 | LSR | 0.90 | Drafted Rule 9019 motion resolving dischargeability claim. | 490.50 |
| 5/22/2013 | CS | 0.30 | Telephone conference with S. Towbin re same. | 265.50 |
| 5/22/2013 | MHM | 0.50 | Worked on preparations for service of settlement motion. | 155.00 |
| 5/23/2013 | MHM | 1.00 | Worked on final preparation of materials for service of settlement motions. | 310.00 |
| 5/24/2013 | MHM | 0.50 | Finalized and e-filed motion to settle with D. Griffin and F. Griffin. | 155.00 |
| 6/7/2013 | MHM | 1.10 | Reviewed returned mail and updated matrix. | 341.00 |
| 6/19/2013 | LSR | 0.70 | Attended hearing on settlement agreement. | 381.50 |
| 7/10/2013 | CS | 0.20 | Telephone conference with M. Fisher re settlement payment. | 177.00 |
| 7/10/2013 | CS | 0.20 | Sent email to L. Inskeep re M. Fisher offer re payments due under the R. Griffin settlement agreement. | 177.00 |
| 7/10/2013 | CS | 0.20 | Sent email to M. Fisher re L. Inskeep's response re payments due under the R. Griffin settlement agreement. | 177.00 |
| 12/4/2013 | CS | 0.40 | Emailed M. Fisher re calculation of amount due if stock is sold at $100,000 (.3); responded to email from MeesPierson re status (.1). | 354.00 |

| Date | | Hours | Description | Amount |
|------|-----|-------|-------------|--------|
| 12/11/2013 | CS | 1.00 | Attended status hearing in case (.8); telephone conference with L. Inskeep's attorney at DLA Piper re status hearing (.2). | 885.00 |
| 2/6/2014 | CS | 0.40 | Worked on fee petition. | 360.00 |
| 2/11/2014 | CS | 0.20 | Emailed creditor re status (.1); prepared email to R. Griffin re final payment due under settlement agreement (.1). | 180.00 |
| 2/25/2014 | CS | 0.10 | Telephone conference with M. Fischer re satisfaction of judgment. | 90.00 |
| 2/26/2014 | CS | 0.30 | Prepared satisfaction of judgment. | 270.00 |
| 4/30/2014 | CS | 1.00 | Finalized fee petitions and motion to close case. | 900.00 |
| 5/1/2014 | CS | 0.30 | Telephone conference with R. Burke re contract amendment. | 270.00 |
| 5/6/2014 | CS | 0.50 | Prepared motion re sale of stock and amendment to agreement. | 450.00 |
| 6/2/2014 | CS | 0.20 | Exchanged emails with L. Inskeep re case closing issues. | 180.00 |
| 6/25/2014 | CS | 1.00 | Attended status hearing. | 900.00 |
| | | 84.50 | PROFESSIONAL SERVICES | $58,831.00 |


## SUMMARY OF PROFESSIONAL SERVICES

| NAME | HOURS | RATE | AMOUNT |
|------|-------|------|--------|
| CATHERINE L. STEEGE | 4.00 | 900.00 | 33,600.00 |
| CATHERINE L. STEEGE | 14.90 | 885.00 | 13,186.50 |
| BARRY LEVENSTAM | 28.40 | 850.00 | 24,140.00 |
| CATHERINE L. STEEGE | 3.20 | 850.00 | 2,720.00 |
| MELISSA M. ROOT | 1.10 | 575.00 | 632.50 |
| DAVID H. HIXSON | 1.50 | 550.00 | 825.00 |
| LANDON S. RAIFORD | 17.50 | 545.00 | 9,537.50 |
| LOWELL T. YAP | .60 | 295.00 | 177.00 |
| MICHAEL H. MATLOCK | 7.60 | 310.00 | 2,356.00 |
| MICHAEL H. MATLOCK | 2.40 | 295.00 | 708.00 |
| NEIL H. BERGER | .80 | 295.00 | 236.00 |
| MARY F. PATSTON | 2.50 | 285.00 | 712.50 |
| TOTAL | 84.50 | | $58,831.00 |

Preparation of Fee Application

| 9/15/2012 | CS | 1.50 | Worked on fee petition. | 1,275.00 |
| 9/16/2012 | CS | 2.50 | Worked on fee petition. | 2,125.00 |
| 9/25/2012 | CS | 3.00 | Worked on edits to fee petition. | 2,550.00 |
| 9/26/2012 | CS | 2.00 | Prepared and filed fee petition. | 1,700.00 |
| 9/26/2012 | MHM | 0.40 | Worked on e-filing interim fee application, exhibits and notice. | 118.00 |
| 10/18/2012 | CS | 1.20 | Attended hearing re fees. | 1,020.00 |
| 6/25/2014 | CS | 1.00 | Worked on fee petition. | 900.00 |
| 6/26/2014 | CS | 0.50 | Worked on fee petition. | 450.00 |
| | | 12.10 | PROFESSIONAL SERVICES | $10,138.00 |

## SUMMARY OF PROFESSIONAL SERVICES

| NAME | | HOURS | RATE | AMOUNT |
|------|---|-------|------|--------|
| CATHERINE L. STEEGE | | 1.50 | 900.00 | 1,350.00 |
| CATHERINE L. STEEGE | | 10.20 | 850.00 | 8,670.00 |
| MICHAEL H. MATLOCK | | .40 | 295.00 | 118.00 |
| | TOTAL | 12.10 | | $10,138.00 |

## IN RE GRIFFIN TRADING COMPANY

## EXHIBIT B

### Expenses

| | | |
|---|---|---|
| 8/22/2012 | Court Reporter Charge - K. Fennell - 8/22/12 | 48.40 |
| 9/13/2012 | Photocopy Expense | 4.70 |
| 9/14/2012 | Color Network Printing Expense | .36 |
| 9/14/2012 | Photocopy Expense | 115.90 |
| 9/17/2012 | Postage Expense | 16.50 |
| 9/17/2012 | Photocopy Expense | 37.70 |
| 9/17/2012 | Jackleen DeFini - Court Reporter Charge | 49.00 |
| 9/17/2012 | Clerk, U.S. Bankruptcy Court - Certified Copy Fee | 55.50 |
| 9/18/2012 | Photocopy Expense | 5.80 |
| 9/20/2012 | ATG Legalserve, Inc. - Service of citations to discover assets - 9/20/12 | 802.00 |
| 9/21/2012 | Photocopy Expense | 4.60 |
| 9/23/2012 | Photocopy Expense | 7.40 |
| 9/24/2012 | Photocopy Expense | 19.00 |
| 9/25/2012 | Photocopy Expense | 3.20 |
| 9/26/2012 | Photocopy Expense | 72.40 |
| 9/26/2012 | Document Technologies Inc. - B&W Copy 8.5 x 11 requested by C. Steege | 27.90 |
| 9/26/2012 | Postage Expense | 347.34 |
| 9/27/2012 | Photocopy Expense | 2.40 |
| 9/27/2012 | Postage Expense | 3.60 |
| 9/29/2012 | U.S. Messenger & Logistics, Inc. - Special Messenger Service | 5.25 |
| 9/30/2012 | Westlaw Research | 672.21 |
| 9/30/2012 | Lexis Research | 223.13 |
| 10/1/2012 | Pacer Service Center Charges - 3rd Quarter 2012 | 19.00 |
| 10/5/2012 | Pacer Service Center Charges - 3rd Quarter 2012 | 32.40 |
| 10/5/2012 | Pacer Service Center Charges - 3rd Quarter 2012 | 21.10 |
| 10/5/2012 | Pacer Service Center Charges - 3rd Quarter 2012 | 68.40 |
| 10/5/2012 | Pacer Service Center Charges - 3rd Quarter 2012 | 103.80 |
| 10/10/2012 | Photocopy Expense | 8.70 |
| 10/10/2012 | In-City Transportation - T. Crittendon - Cab to Federal Court for drop off to Judge Black for C. Steege - 10/9/12 | 6.00 |
| 10/24/2012 | Wells Fargo - Outside Professional Services - Fee to obtain subpoenaed bank records for F. Griffin | 34.00 |
| 1/3/2013 | Pacer Service Center Charges - 4th Quarter 2012 | 12.00 |
| 1/3/2013 | Pacer Service Center Charges - 4th Quarter 2012 | .30 |
| 1/3/2013 | Pacer Service Center Charges - 4th Quarter 2012 | 2.10 |
| 1/10/2013 | Postage Expense | 14.70 |
| 1/10/2013 | Photocopy Expense | 20.80 |

| 2/26/2013 | Photocopy Expense | 18.20 |
| 2/26/2013 | Postage Expense | 14.56 |
| 3/28/2013 | Photocopy Expense | 18.90 |
| 3/28/2013 | Postage Expense | 16.08 |
| 3/29/2013 | Photocopy Expense | 11.70 |
| 3/29/2013 | Postage Expense | 13.76 |
| 4/4/2013 | Pacer Service Center Charges - 1st Quarter 2013 | 8.60 |
| 4/4/2013 | Pacer Service Center Charges - 1st Quarter 2013 | 3.30 |
| 4/4/2013 | Pacer Service Center Charges - 1st Quarter 2013 | 22.10 |
| 4/4/2013 | Pacer Service Center Charges - 1st Quarter 2013 | 8.60 |
| 4/26/2013 | Photocopy Expense | 18.20 |
| 4/26/2013 | Postage Expense | 14.56 |
| 5/23/2013 | Photocopy Expense | 10.00 |
| 5/23/2013 | Document Technologies Inc. - B&W Copy 8.5x11 - Requested by C. Steege | 1,326.00 |
| 5/24/2013 | Postage Expense | 1,174.07 |
| 5/30/2013 | Photocopy Expense | 1.80 |
| 7/3/2013 | Pacer Service Center Charges - 2nd Quarter 2013 | 22.10 |
| 7/3/2013 | Pacer Service Center Charges - 2nd Quarter 2013 | 40.00 |
| 2/26/2014 | Postage Expense | 1.44 |
| 4/7/2014 | Pacer Service Center Charges | 34.20 |
| 5/1/2014 | Photocopy Expense | 6.38 |
| 5/1/2014 | Photocopy Expense | 49.28 |
| 5/6/2014 | Photocopy Expense | 11.88 |
| | TOTAL DISBURSEMENTS | $5,713.30 |

**IN RE GRIFFIN TRADING COMPANY**

**EXHIBIT C**

Summary of Professional Services

**SUMMARY OF PROFESSIONAL SERVICES**

| NAME | HOURS | RATE | AMOUNT |
|------|------:|-----:|-------:|
| CATHERINE L. STEEGE (2014) | 5.50 | 900.00 | 4,950.00 |
| CATHERINE L. STEEGE (2013) | 14.90 | 885.00 | 13,186.50 |
| CATHERINE L. STEEGE (2012) | 13.40 | 850.00 | 11,390.00 |
| BARRY LEVENSTAM (2012) | 28.40 | 850.00 | 24,140.00 |
| MELISSA M. ROOT (2012) | 1.10 | 575.00 | 632.50 |
| DAVID H. HIXSON (2012) | 1.50 | 550.00 | 825.00 |
| LANDON S. RAIFORD (2013) | 17.50 | 545.00 | 9,537.50 |
| LOWELL T. YAP (2012) | .60 | 295.00 | 177.00 |
| MICHAEL H. MATLOCK (2012) | 7.60 | 310.00 | 2,356.00 |
| MICHAEL H. MATLOCK (2013) | 2.80 | 295.00 | 826.00 |
| NEIL H. BERGER (2012) | .80 | 295.00 | 236.00 |
| MARY F. PATSTON (2012) | 2.50 | 285.00 | 712.50 |
| **TOTAL** | **96.60** | | **68,969.00** |